UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CORY NOLE OSWALD,

     Petitioner,

v.                                     Case No. 3:26cv778-MW-HTC

CLERK OF COURT ESCAMBIA COUNTY,

     Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Cory Nole Oswald, a pretrial detainee at the Escambia County Jail proceeding *pro se*, filed a petition under 28 U.S.C. § 2241[1] (Doc. 1) and an incomplete motion to proceed *in forma pauperis* (Doc. 2). The *in forma pauperis* motion contained only the first two pages of the Court's required form, including the motion and financial affidavit. The Court's official form also requires Petitioner to provide a Prisoner Consent Form, a Financial Certificate signed by an appropriate Jail official, and a trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison or jail at

---

[1] Although Oswald used a § 2241 form, the allegations in the petition do not seek relief cognizable under § 2241. For example, Oswald asserts the action he is challenging arises from his November 2025 felony arraignments and that the videos will show he is a victim of police brutality. Doc. 1 at 2. Similarly, in response to why he feels relief under § 2255 is inadequate, he references prior complaints he has submitted under 42 U.S.C. § 1983. *Id.* at 4.

which the prisoner is or was confined. *See* N.D. Fla. Loc. R. 5.3; 28 U.S.C. § 1915(a).

Therefore, on February 17, 2026, the Court entered an Order sending Oswald the forms for proceeding *in forma pauperis* and requiring him, by March 3, 2026, to submit a complete motion to proceed *in forma pauperis*, or alternatively, pay the full filing fee of $5.00. Doc. 5. Oswald has not responded in any way to that Order, and the time for doing so has passed.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)). Because Oswald has failed to comply with this Court's prior orders, this action should be dismissed.

Case No. 3:26cv778-MW-HTC

Accordingly, it is respectfully RECOMMENDED, that:

1.      This case be DISMISSED WITHOUT PREJUDICE for Petitioner's

failure to prosecute and failure to comply with Court orders.

2.      The clerk be directed to close the file.

At Pensacola, Florida, this 10th day of March, 2026.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.